UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MILLICENT ROBERTS, individually and as parent and
natural guardian of C.B., an infant under the age of
fourteen years, ANGELA SEWARD and CLARENCE
A. SCOTT, JR.,

                         Plaintiffs,

          - against -

DETECTIVE PETER BOHRINGER,
P.O. "JOHN DOES" 1-12, P.O. "JANE DOES" 1-6
and THE CITY OF NEW YORK,

                         Defendants.
------------------------------------------------------------------X

13 CV 7346 (JBW)(VVP)

COMPLAINT AND
JURY TRIAL DEMAND

      Plaintiffs, MILLICENT ROBERTS, individually and as parent and natural guardian of C.B., an infant under the age of fourteen years, ANGELA SEWARD and CLARENCE A. SCOTT, JR., by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

### JURISDICTION

    1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

    3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

    4.    Plaintiffs, invoking the pendent jurisdiction of this Court, also seek compensatory and punitive damages for false arrest and battery.

## VENUE

5.  Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6.  Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

7.  At all times relevant hereto, plaintiff MILLICENT ROBERTS was and is a natural person, resident in the County of Queens, City and State of New York and was and is the parent and natural guardian of infant plaintiff C.B.

8.  At all times relevant hereto, infant plaintiff C.B. was and is a natural person under the age of 14 years, having been born on September 14, 2003, resident in the County of Queens, City and State of New York.

9.  At all times relevant hereto, plaintiff ANGELA SEWARD was and is a natural person, resident in the County of Queens, City and State of New York.

10. At all times relevant hereto, plaintiff CLARENCE A. SCOTT, JR. was and is a natural person, resident in the County of Queens, City and State of New York.

11. At all times relevant hereto, defendant DETECTIVE PETER BOHRINGER (hereinafter "BOHRINGER") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendants P.O. "JOHN DOES" 1-12 were and are natural persons, employed as police officers by defendant CITY OF NEW YORK.

13. At all times relevant hereto, defendant P.O. "JANE DOES" 1-6 were and are natural persons, employed as a police officers by defendant CITY OF NEW YORK.

14. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

15. The individual defendants are sued in their individual capacities.

16. On or about December 21, 2012, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiffs served upon the Office of the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

17. More than thirty (30) days have elapsed since the aforesaid verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

18. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF ALL PLAINTIFFS AGAINST THE INDIVIDUAL DEFENDANTS (42 U.S.C. §1983)

19. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "18" hereinabove as if more fully set forth at length herein.

20. At all times relevant hereto, plaintiff ROBERTS was and is the owner in fee of the property known as 118-49 201st Street, St. Albans, County of Queens, City and State of New York (hereinafter "subject premises.)

21. On or about September 28, 2012, and for a period of time prior thereto, all plaintiffs in this action were lawful residents of the subject premises.

22. Also resident at the subject premises on the aforementioned date were five foster children lawfully in the care of plaintiff ROBERTS.

23. Plaintiff SCOTT and the infant plaintiff resided with plaintiff ROBERTS at the subject premises on the aforementioned date and for a period of time prior thereto.

24. On the aforementioned date and for a period of time prior thereto, plaintiff SEWARD was a tenant at the subject premises.

25. At or about 5:45 A.M., on the aforementioned date, the individual defendants hereto, using a battering ram and a so-called "flash-bang grenade," broke into the subject premises, rushing into the living room and the bedroom shared by plaintiffs ROBERTS and SCOTT.

26. One of the individual defendants roughly pulled plaintiff SCOTT by his right arm to get him out of bed.

27. The individual defendants had all turned their shields backwards, upon information and belief to prevent their identification by plaintiffs.

28. One of the individual defendants asked plaintiff ROBERTS if a woman named Valerie Lynch resided in the subject premises.

29. Plaintiff ROBERTS informed the aforementioned defendant that Valerie Lynch was the name of a foster child who had not been in plaintiff ROBERTS's care since the previous year, 2011.

30.   One of the individual defendants informed plaintiff ROBERTS that if any contraband was found in the house, she would face federal criminal charges and that her house and the foster children would all be taken away from her.

31.   The individual defendants proceeded to handcuff plaintiffs ROBERTS, SCOTT, SEWARD, a second tenant and the three female foster children. They were all placed in the living room of the subject premises, where they were all held, rear-handcuffed, for approximately ten minutes. Plaintiff SCOTT was handcuffed particularly tightly and his arms were twisted.

32.   After approximately ten minutes, one of the individual defendants ordered that everyone being held in the living room be made to walk outside, where they were put into a windowless New York City Police Department van.

33.   The aforementioned plaintiffs, the second tenant and the three female foster children were held in the van, without lights or air conditioning being turned on, for approximately one half hour.

34.   During the half hour that she was held with the others in the parked van, plaintiff ROBERTS, who was four months pregnant, requested one or more of the individual defendants to permit her to use the bathroom. Permission was denied.

35.   After approximately one half hour had passed, one of the individual defendants exclaimed that a controlled substance or drug paraphernalia had been found in the subject premises.

36.   Plaintiffs later learned that the contraband found belonged to the second tenant of the subject premises and had been found in the room rented by the second tenant of the subject premises, who was the only person who had access to her room.

37. This second tenant, who is not a party hereto, was ultimately arrested and, upon information and belief, eventually pleaded guilty to a charge of disorderly conduct.

38. The second tenant moved away from the subject premises almost immediately after the incident that is the subject of this lawsuit.

39. Following the discovery of the contraband in the second tenant's room, plaintiffs ROBERTS, SCOTT, SEWARD and the three female foster children continued to be held in the aforementioned Police Department van for another two hours.

40. While plaintiffs ROBERTS, SCOTT and SEWARD and the three female foster children were being held in the van as hereinabove described, the infant plaintiff and the two male foster children being cared for at the house were being held in the subject premises by several of the individual defendants.

41. On the aforementioned date, the infant plaintiff was nine years old.

42. As the above-described detention commenced, one of the individual defendants pointed his weapon at the infant plaintiff and the other two boys and ordered them to sit on the floor of the bedroom they shared.

43. After a short time spent sitting on the floor, the infant plaintiff and the other two boys, one aged seven, the other aged ten, were escorted downstairs to the living room.

44. When the infant plaintiff arrived in the living room, he saw the other plaintiffs, the second tenant and the three female foster children all sitting handcuffed in the living room.

45. The infant plaintiff and the two male foster children were held in the house by several of the individual defendants after the adult plaintiffs, the second tenant and the female foster children were escorted outside and placed in the aforementioned van.

46. The infant plaintiff and the other two boys were held in the living room, guarded by the individual defendants, for two to three hours.

47. During the time they were being held, the infant plaintiff and the other two boys were denied permission to get anything to eat and were referred to more than once by several of the individual defendants as "assholes."

48. After being held in custody as aforementioned for approximately three hours, plaintiffs ROBERTS, SCOTT and SEWARD and the three female foster children were escorted back into the subject premises, after which the individual defendants departed, thereby also releasing the infant plaintiff and the two other young boys from custody.

49. Upon inspecting the subject premises following the departure of the individual defendants, plaintiffs ROBERTS, SCOTT and SEWARD observed that fixtures in the subject premises and several items of their personal property, including some of the children's toys and video games, had been destroyed.

50. As a result of the aforementioned acts committed against them by the individual defendants hereto, while they were acting under color of state law, all the plaintiffs suffered a deprivation of their right to be arrested only with probable cause therefor and their right to be secure in the possession of their personal effects, and plaintiff SCOTT suffered a deprivation of his right to be free from the use of excessive force, all guaranteed to them by the fourth and fourteenth amendments to the

Constitution of the United States, and, as a result, suffered both a loss of their liberty and property damage and, with regard to plaintiff SCOTT, suffered severe and permanent physical injury requiring medical treatment and expenses therefor.

51. By reason of the aforementioned unconstitutional and illegal actions taken against them by the individual defendants hereto, plaintiffs have been damaged in the amount of One Million ($1,000,000.00) Dollars and demand an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF ALL PLAINTIFFS AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK
(False Arrest)

52. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "51" hereinabove as if more fully set forth at length herein.

53. On or about September 28, 2012, at approximately 5:45 A.M., at the subject premises, without probable cause therefor, the individual defendants forcibly, wrongfully and unlawfully arrested plaintiffs.

54. Plaintiffs ROBERTS, SCOTT and SEWARD were falsely, maliciously, wrongfully, unlawfully and illegally kept in confinement in a Police Department motor vehicle for approximately three hours.

55. The infant plaintiff was falsely, maliciously, wrongfully, unlawfully and illegally kept confined to the living room of the subject premises, without food, for approximately three hours.

56. At the time they committed the aforementioned acts of false arrest and false imprisonment, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

57. By reason of the false arrest and false imprisonment committed against plaintiffs by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiffs were deprived of their liberty.

58. By reason of the aforementioned false arrest and false imprisonment committed against them by the individual defendants, while they were acting within the scope of their employment by defendant CTIY OF NEW YORK, plaintiffs have been damaged in the amount of One Million ($1,000,000.00) Dollars and demand an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF SCOTT AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK
(Battery)

59. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "58" hereinabove as if more fully set forth at length herein.

60. On or about September 27, 2012, at approximately 5:45 A.M., one or more of the individual defendants hereto, without probable cause therefor, offensively touched plaintiff SCOTT by grabbing and pulling him by his right arm, twisting his arms and tightly handcuffing him.

61. The aforesaid force used by the individual defendants was not reasonable under the circumstances.

62. At the aforementioned time and place, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

63. By reason of the aforementioned acts of battery committed against plaintiff SCOTT by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, and through no culpable conduct of his own, plaintiff SCOTT suffered, and continues to suffer, serious and permanent physical injuries for which he has received medical treatment and has had to pay the expenses thereof.

64. By reason of the aforementioned battery committed against him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff SCOTT has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

WHEREFORE, plaintiffs, MILLICENT ROBERTS, individually and as parent and natural guardian of C.B., an infant under the age of fourteen years, ANGELA SEWARD and CLARENCE A. SCOTT, JR., demand judgment against defendants, DETECTIVE PETER BOHRINGER, P.O. "JOHN DOES" 1-12, P.O. "JANE DOES" 1-6 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:     One Million ($1,000,000.00) Dollars and demand an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demand an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

THIRD CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and plaintiff SCOTT demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
December 24, 2013

_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2242